UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHANIE BRUNO, as
Executrix of the Estates of
TODD E.  BRUNO,

PLAINTIFF,

       vs.                                    CIVIL ACTION NO.

_____

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT
OF TRANSPORTATION; FEDERAL
AVIATION ADMINISTRATION;
JOHN DOES 1-5

DEFENDANTS.

## COMPLAINT

    Plaintiff, Stephanie Bruno, as Executrix of the Estate of Todd E. Bruno, by and through counsel, hereby files this her Complaint against the UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF TRANSPORTATION, THE FEDERAL AVIATION ADMINISTRATION, and JOHN DOES 1-5.  In support thereof, Plaintiff states the following:

1

## PARTIES

1.      STEPHANIE BRUNO, as executrix of the Estate of TODD E. BRUNO, is an adult who resides in ███████████████████████████

2.      STEPHANIE BRUNO was duly appointed Executrix of the Estate of TODD E. BRUNO by the Probate Court, Clayton County, State of Georgia, on February 26, 2024 (Exhibit 1).

3.      Defendant, The UNITED STATES OF AMERICA ("Defendant USA"), through its agency/instrumentality, The FEDERAL AVIATION ADMINISTRATION ("FAA"), was responsible for providing air traffic control services to Dr. Todd E. Bruno. Defendant USA may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, Merrick Garland, in Washington, District of Columbia.

4.      Defendant United States DEPARTMENT OF TRANSPORTATION is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United

States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, Merrick Garland, in Washington, District of Columbia, and the United States Department of Transportation in Washington, District of Columbia.

5.    Defendant FEDERAL AVIATION ADMINISTRATION (FAA) is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, Merrick Garland, in Washington, District of Columbia and the FAA in Washington, District of Columbia.

6.    Defendants John Does 1-5 are persons or entities whose identities are not known at this time.

**JURISDICTION AND VENUE**

7.    This Court has exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346 and 2671-2680 as the United States of America is a party to this action.

8.    This Court has *in personam* jurisdiction over each Defendant as the UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF

TRANSPORTATION, AND THE FEDERAL AVIATION ADMINISTRATION regularly conducts operations and business in the State of Georgia.

9.    Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1402(b), as a substantial part of the acts and/or omissions giving rise to Plaintiff's claims occurred in the Federal Aviation Facilities located in Atlanta, Georgia.

10.   On October 4, 2023, Plaintiff, Stephanie Bruno, timely presented her Administrative Claims for damages to the FAA pursuant to the provisions of 28 U.S.C. § 2675 (Exhibit 2).  On April 22, 2024, the FAA sent its letter denying the administrative claim which is a final denial for the purposes of 28 U.S.C. The six (6) month period for the FAA to respond to the Claim expired on April 1, 2024, constituting a final denial for purposes of 28 U.S.C. § 2675 (Exhibit 3).

## FACTS

11.   Dr. Todd Bruno was killed on August 10, 2023 in the crash of a Cessna P210N single engine aircraft bearing FAA registration N210JT ("Cessna N210JT"). Dr. Todd Bruno is survived by his wife, STEPHANIE BRUNO, Executrix of his Estate, and by his adult daughter, Jennie R. Bruno.

12.   On August 10, 2023, Dr. Todd Bruno and his wife, Stephanie Bruno,

Plaintiff herein, were residents of Clayton County State of Georgia.

13.   Dr. Todd Bruno was a highly qualified and skilled dentist with a long-time practice of over forty years located in Locust Grove, Georgia, from which he treated patients throughout north central Georgia.

14.   Dr. BRUNO's Cessna N210J departed Sarasota/Bradenton International Airport (SRQ), Sarasota, Florida about 0800 on August 10, 2023 with an intended destination of Thomaston-Upson County Airport (OPN), Thomaston, Georgia. Cessna N210J was operating under an instrument flight rules flight plan, under the control of Defendant FEDERAL AVIATION ADMINISTRATION's Air Traffic Control employees and had been cruising at flight level 200 (20,000 ft msl).

15.   About 1005, Atlanta Terminal Radar Approach Control lost radar and radio contact with the airplane during its enroute descent. Preliminary review of Automatic Dependent Surveillance–Broadcast (ADS-B) track data and weather radar showed Cessna N210J's flight track entering an area of heavy precipitation which was followed by Cessna N210J's entering a rapidly descending right turn.

16.   As more fully set forth in the Preliminary Report of Air Traffic Control Expert Richard Burgess (attached hereto as Exhibit 4), FEDERAL AVIATION ADMINISTRATION (FAA) Air Traffic Specialists in the Atlanta ARTCC R21 radar

position, Atlanta TRACON (A80), and Macon radar position failed to comply with FAA Air Traffic Control procedures, and protocol, and these failures were a deviation in the standard of care, which Air Traffic Control Specialists are required to maintain.

17.   The acts and omissions of the air traffic controllers were the direct cause of the loss of control and the subsequent fatal crash.  Specifically, there were numerous instances where the air traffic controllers failed to issue proper instructions and warning to Dr. Bruno all of which were in violation of the Air Traffic Controllers' Handbook and in violation of the applicable federal and state law.

18.   The failure to comply with the FAA procedures, which are specifically designed to prevent this kind of accident, and the negligence that the controllers displayed in handling the Aircraft, contributed to the death of Dr. Todd Bruno.

## CLAIMS

## COUNT ONE – NEGLIGENCE

19.   Plaintiffs incorporate herein and reallege the foregoing averments of this Complaint.

20.   Defendant USA and its agencies and instrumentalities, co-defendants herein, at all times relevant hereto, owed a duty to Plaintiff and her decedent to provide competent and complete air traffic control services as well as to relay accurate information to the pilot.

21.     Defendant USA and its agencies and instrumentalities, co-defendants herein, at all times relevant hereto, owed a duty to Plaintiff and her decedent to provide competent and complete weather and meteorological information to Plaintiff and her decedent.

22.     As described above and in the Report of Expert Burgess attached hereto (Exhibit 4), Defendant USA and its co-defendants herein breached that duty by failing to comply with air traffic control procedures and protocol, and these failures were a deviation in the standard of care for Air Traffic Control Specialists.

23.     Specifically, among other acts and omissions, and as described in the Report of Expert Burgess (Exhibit 4), Defendants breached their duty by failing to provide adequate assistance, failing to use appropriate check lists, negligently giving mandatory altitude restrictions to an aircraft operating on partial power, and ultimately on no power, and giving inaccurate distance information to alternate airports.

24.     These breaches by Defendants were a proximate cause of the crash and the death of Dr. Bruno.

25.     Plaintiff and the wrongful death heirs have been damaged by these breaches as set forth below.

26.     By virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the

United States is liable for the negligent acts and omissions of all Defendants. Plaintiff

has exhausted all administrative prerequisites pursuant to 28 U.S.C. § 2675, including

presenting its claim for damages to the Federal Aviation Administration on October

3rd, 2023 (Exhibit 2). The FAA denied the claim on April 22, 2024 (Exhibit 3).

## DAMAGES

27.     Plaintiff and the wrongful death heirs have suffered and will continue to

suffer the following elements of damages:

      a.     Loss of financial support

      b.     Loss of consortium;

      c.     Loss of care, comfort and advice

      d.     Mental and Emotional anguish

## AD DAMNUM

Plaintiff respectfully request that the Court grant the following relief:

- Damages in the amount of $30,000,000;

- Plaintiff's attorneys' fees and costs;

- Pre-judgment and post-judgment interest;

- Such other and further relief as the Court deems appropriate.

This the 2nd day of May, 2024.

Respectfully submitted,

*/s/ Jared M. Lina*
Jared M. Lina
Georgia Bar No 191099
Goldstein Hayes & Lina, LLC
3060 Peachtree Road, NW
One Buckhead Plaza, Suite 1000
Atlanta, GA 30305
404.869.8600 (office)
404.869.8044 (fax)
jml@goldsteinhayes.com

James T. Crouse, Esq.
N.C. State Bar Number 22643
CROUSE LAW OFFICES, PLLC
P.O. Box 33460
Raleigh, North Carolina 27636
Telephone: (919) 881-8441
Facsimile: (919) 881-8435
JTC@CrouseLaw.com
*Pro Hac Vice Pending*

and

Douglas P. Desjardins, Esq.
D.C. Bar No. 448370
The Pangia Law Group
1717 N. St., NW
Washington, D.C. 20036
Telephone: (202) 638-5300
Fax: (202) 393-1725
dpd@pangialaw.com
*Pro Hac Vice Pending*